IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE C. TORRES and
CONSUELO T. TORRES,

    Plaintiffs,

                                                     05cv1081 DJS/WDS

v.

KATE BOWER,

    Defendant

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This matter is before the Court on Defendant's Motion to Enforce Settlement Agreement, filed on May 8, 2006. (Doc. 25) The Court, being fully informed of the issues, makes the following findings and recommended disposition.

The facts of the case are sufficiently set out in Defendant's Motion to Enforce Settlement Agreement. This Court held a settlement conference on January 31, 2006, in an attempt to resolve certain land use and irrigation issues which were the subject matter of the lawsuit. At that settlement conference the parties reached a settlement wherein the lawsuit would be dismissed, a mutual release would be signed, and each party would bear their own costs and attorney's fees. Substantively, the parties agreed to the following. Plaintiffs would open the upper ditch on their property and keep it open all year except for a short period of time (30-60 days) in the late summer when they would need to dry the ground in order to harvest their hay. The Defendant would, at her expense, install

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

diversion gates at the lower ditch on her property and at the upper ditch on Plaintiffs' property.  Both parties would have access to both of those ditches to clean and maintain them.  Defendant agreed not to block any roads or gates on her property and would specifically allow the Plaintiffs to move their cattle across her property twice a year.  Plaintiff Jose Torres agreed to sign an affidavit concerning his great aunt's use in the 1880s of a spring located on what is now Defendant's property.  Lastly, both parties would remain free to pursue any issues with the State Engineer.

In the drafting of the agreement subsequent to the settlement conference, a dispute arose on several relatively minor matters.  The biggest issue appears to be that Plaintiffs did not want Defendant to be able to operate the upper diversion gate she was building on Plaintiffs' property.  Defendant claims that the agreement that both parties could maintain the ditches has to include access to open and close the gates in order to make any sense.  Another sore point appears to be Defendant's construction of a pond on her property, which Plaintiffs claim demonstrates bad faith on her part.  While the pond was not a part of the settlement agreement, her desire to construct a pond was discussed at length at the conference.

At some point following the settlement conference, Plaintiffs informed Defendant that all settlement offers were withdrawn.  Plaintiffs claim that there was no settlement without agreement on a settlement document.  This motion to enforce settlement followed.

Initially, the Court finds that the settlement reached at the conference did not require a written settlement agreement.  The only written documents necessary were a dismissal of the lawsuit and the execution of a mutual release.  Substantively, a reading of the initial draft of the Settlement Agreement (Exhibit A to the motion), prepared by Plaintiffs, as well as a second iteration signed by Plaintiffs (Exhibit B to the motion), make it clear that the content of the settlement as set out above

was recognized by both parties. The only real disagreement appears to be Defendant's ability to open and close the upper diversion gate. It is the Court's belief that the agreement of Defendant to construct a gate and the agreement that both parties have access to clean and maintain the ditch, necessarily includes Defendant's ability to open and close the gate for that purpose. Defendant's pond is a non-issue. It is on Defendant's property, her desire to construct a pond was discussed at the settlement conference, and it does not in any way impact on the settlement agreement reached at the conference.

Accordingly, this Court finds that a settlement of this lawsuit was reached at the settlement conference held on January 31, 2006. The terms of the settlement are as set out in the second paragraph above. It was not a part of the settlement that agreement had to be reached on the terms of a written settlement agreement.

## RECOMMENDATION

It is recommended that Defendant's Motion to Enforce Settlement Agreement be granted. A proposed order setting out the terms of the agreement is attached as Exhibit 1. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636 (b)(1)(C).

                                      **W. DANIEL SCHNEIDER**
                                      **United States Magistrate Judge**