UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 1 4 2006

MATTHEW J. DYKMAN
CLERK

JOSE C. TORRES and CONSUELO T. TORRES,

    Plaintiffs,

v.

KATE BOWER,

    Defendant.

CIV. NO. 05-1081 DJS/WDS

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Enforce Settlement Agreement filed May 8, 2006 (Docket No. 25). That motion was referred to the Hon. W. Daniel Schneider, Magistrate Judge for proposed findings and a recommended disposition. Magistrate Judge Schneider was the judicial officer who conducted the settlement conference in this matter, which was held on January 31, 2006. He filed proposed findings and a recommended disposition on August 14, 2006 (Docket No. 32). Plaintiffs filed objections to the proposed findings on August 24, 2006 (Docket No. 33). Accordingly, this Court must make a *de novo* determination of those portions of the proposed findings to which Plaintiffs objected. 28 U.S.C. 636(b)(1).

    This action is a suit for declaratory judgment, injunctive relief and damages which was filed in New Mexico District Court for the Eighth Judicial District of New Mexico and removed to federal court on the basis of diversity. Defendant owns property which lies between two portions of Plaintiffs' property. The dispute centers around access to irrigation ditches which run across and serve all the parcels of land. Access to the ditches is necessary for Plaintiffs and Defendant to take



1

advantage of their water rights. With regard to the settlement, "[a] trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir.1993).

Plaintiffs do not object to Judge Schneider's recommended findings that the parties reached a settlement of their case. Further, Plaintiffs make no objection to Judge Schneider's characterization of the agreement between the parties as including the following provisions: 1) Plaintiffs will open the upper ditch on their property and keep it open all year, except for a short period of time (30 to 60 days) in the late summer when they would need to dry the ground in order to harvest their hay; 2) Defendant will, at her expense, install diversionary gates at the lower ditch on her property and at the upper ditch on Plaintiffs' property; 3) Defendant agrees not to block any roads or gates on her property and would specifically allow Plaintiffs to move their cattle across her property twice a year; 4) Plaintiff Jose Torres agrees to sign an affidavit concerning his great aunt's use in the 1880's of the spring on what is now Defendant's property; and 5) Both parties remain free to pursue any issues with the state engineer. Judge Schneider also proposed the finding that "Both parties would have access to both of those ditches to clean and maintain them." Plaintiffs object that the parties agreed that the ditches in question were those crossing the Defendant's property.

The latter objection is not well taken. The dispute in this matter involves the ditches on both properties and contemplates Defendant incurring the expense of making an improvement to the ditch on Plaintiffs' property. It would be inconsistent to find that access to the ditches for cleaning is limited to Defendant's property, especially given the practical consideration that flow through the ditches on Plaintiffs' upstream property is necessary to water Defendant's land.

Plaintiffs also object to the proposed finding that a settlement was reached at the settlement conference of January 31, 2006 which did not require a written agreement. Plaintiffs contend that

a written agreement was required and was prepared, but that Defendant refused to sign the agreement. Issues involving the enforceability of a settlement agreement are resolved by applying state contract law. See United States v. McCall, 235 F.3d 1211, 1215 (10th Cir.2000). "It is the policy of the law and of the State of New Mexico to favor settlement agreements." Navajo Tribe of Indians v. Hanosh Chevrolet Buick, Inc., 106 N.M. 705, 749 P.2d 90, 92 (N.M.1988); see also Bd. of Educ. for the Carlsbad Mun. Sch. v. N.M. State Dep't of Pub. Educ., 128 N.M. 398, 993 P.2d 112, 115 (Ct.App.1999). Absent proof of a violation of the statute of frauds or other valid defense, an oral settlement is as enforceable as a written one. See Rojo v. Loeper Landscaping, Inc., 107 N.M. 407, 759 P.2d 194, 196 (N.M.1988). Consequently, this Court finds that Magistrate Judge Schneider's proposed finding that the settlement was not required to be reduced to writing is in accordance with New Mexico and federal law.

Plaintiffs also object that they did not receive a copy of Judge Schneider's proposed order adopting the findings; however, that objection is addressed by an appendix to the proposed findings filed on September 6, 2006.

As Plaintiffs' objections are not well taken,

**IT IS THEREFORE ORDERED** that the proposed findings and recommended disposition (Docket No. 32) are hereby adopted by the Court. By separate order, Defendant's Motion to Enforce Settlement (Docket No. 25) will be granted.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE